IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ELIZABETH KINNAN, )
        Plaintiff, ) Case No. 04-3066-HO
        v. ) ORDER
Commissioner of Social Security, )
        Defendant. )

    Plaintiff filed this proceeding pursuant to section 205(g) of the Social Security Act (the Act), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's final decision denying plaintiff's application for supplemental security income disability benefits. Plaintiff asserts disability beginning October 2, 1998, based on low back pain . On December 22, 2003, an administrative law judge (ALJ) found plaintiff not disabled because she could perform her past relevant work and the Commissioner

1 - ORDER

denied benefits.

Plaintiff asserts that the ALJ erred in: rejecting treating physician opinion; rejecting plaintiff's testimony; and rejecting lay witness testimony.

A.  Treating Physician Opinion

Plaintiff argues that the ALJ improperly substituted her own interpretation of MRI's, a discogram, and medical opinion in place of the opinion of plaintiff's treating physicians.

Plaintiff's treating physician, Dr. Glenn O'Sullivan, opined that plaintiff is unable to work because of knee and back pain Tr. 552, 555, 560, 687-88. Dr. O'Sullivan opined that plaintiff was limited in standing and sitting. Tr. 687-88. The ALJ rejected the opinion asserting it was inconsistent with the objective medical evidence and was based primarily on plaintiff's discredited subjective complaints. Tr 26. In addition, the ALJ determined that Dr. O'Sullivan gave no specific functional limitations.

Where an ALJ chooses to disregard the opinion of a treating physician, she must set forth clear and convincing reasons for doing so if the treating physician's opinion is not contradicted by another doctor. Fife v. Heckler, 767 F.2d 1427, 1431 (9th Cir. 1985). If a treating physician's opinion is contradicted by another doctor and the ALJ wishes to disregard the opinion, the ALJ must set forth "specific, legitimate reasons for doing so that are

2 - ORDER

based on substantial evidence in the record." Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983). To meet this burden the ALJ must set out a detailed analysis and thorough summary of the facts and conflicting clinical evidence, state his interpretation thereof, and make findings. Embrey v Bowen, 849 F.2d 418, 421 (9th Cir. 1988). The rationale for giving a treating physician's opinion greater weight is that he is employed to cure and has a greater opportunity to know and observe the patient as an individual. Winans v. Bowen, 820 F.2d 1519, 1523 (9th Cir. 1987).

Dr. O'Sullivan noted specific limitations in sitting, standing, lifting, and carrying which are contrary to the light exertional level of work the ALJ found plaintiff capable of performing. Tr. 561. While subject to interpretation, there was objective evidence that could support Dr. O'Sullivan's opinion. See, e.g., Tr. 531 (MRI reveals moderate to severe multilevel multi-factorial vertebral canal and neural foraminal stenosis), Tr. 485 (discogram shows moderately concordantly painful disc at L4-L5). Dr. O'Sullivan relied on these objective medical tests in addition to claimant's subjective reports. While the ALJ feels that Dr. O'Sullivan "over-reported" MRI and discography findings, the ALJ is no position to make medical conclusions based on her interpretation of the objective medical data. The ALJ does not cite medical opinion with contrary interpretation of the data. Accordingly, the ALJ erred in rejecting Dr. O'Sullivan's opinion

3 - ORDER

regardless of whether the ALJ properly discredited plaintiff's testimony.

However, further consideration is necessary in light of the issues with respect to whether alcohol dependence is factor in plaintiff's disability. The record demonstrates that there are issues with respect to alcohol dependence, but that there has been no determination of the materiality of this factor.

The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court. Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing Stone v. Heckler, 761 F.2d 530 (9th Cir. 1985)). Remand is appropriate where further proceedings would be likely to clear up defects in the administrative proceedings, unless the new proceedings would simply serve to delay the receipt of benefits and are unlikely to add to the existing findings. McAllister v. Sullivan, 880 F.2d 1086 (9th Cir. 1989).

Where the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, the court generally credits that opinion as a matter of law. Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995); Hammock v. Bowen, 879 F.2d 498, 502 (9th Cir.1989). However, in this case there are additional issues that must be resolved in addition to the ALJ's treatment of Dr. O'Sullivan's opinion regarding disability. Accordingly, remand for further proceedings is appropriate.

## CONCLUSION

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is reversed and the case remanded for further proceedings.

DATED this 14th day of April, 2005.

/s/ Michael R. Hogan
UNITED STATES DISTRICT JUDGE