IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ELIZABETH KINNAN,  )
                   )
     Plaintiff,    )    Case No. 04-3066-HO
                   )
     v.            )    ORDER
                   )
Commissioner of Social Security, )
                   )
     Defendant.    )
_____)

Plaintiff, moves for an award of attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Counsel seeks $153.00 per hour for 58.5 hours of work in connection with this matter. The requested amount would be $8950.50, but counsel states that it his understanding that the policy of the Commissioner's office is to stipulate to $7500 or less in attorney fees under EAJA and therefore counsel request an award for attorney fees in the amount of $7500. The Commissioner does not contest the

1 - ORDER

hourly fee requested, or Claimant's contention that the Commissioner's position was not substantially justified. The Commissioner does, however, contest the number of hours spent as unreasonable.

The Equal Access to Justice Act (EAJA) provides that:

> a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

> "fees and other expenses" includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees....

28 U.S.C. § 2412(d)(2)(A).

> The court, in its discretion, may reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy.

28 U.S.C. § 2412(d)(1)(C).

The Commissioner argues that 58.5 hours spent on this litigation is unreasonable, but does not point the court to any specific hours noted in plaintiff's counsel's affidavit as unreasonable, duplicative, etc. The Commissioner requests the

court to reduce the number of hours to 40. While the court agrees that this case was a routine matter and 58.5 hours appears to be on the high end, a review of the itemization of counsel's time reveals that the number of hours spent on the litigation is not entirely unreasonable. The court notes that plaintiff's counsel has already reduced the number of hours to roughly 49 by requesting an award of $7500 and finds such time spent to be reasonable.

## CONCLUSION

Plaintiff's application for attorney fees under the EAJA (#16) is granted in the amount of $7,500 which represents 49 hours of work at an hourly rate of $153.

DATED this 1st day of July, 2005.

Michael C. Hogan
UNITED STATES DISTRICT JUDGE

3 - ORDER